In the Matter of the Application for the Removal of the Trustees and Executors under the Will of JOHN J. McKNIGHT, Deceased.

FRANK V. MILLARD, Receiver in Supplementary Proceedings of SARAH W. ARMSTRONG and WILLIAM A. McKNIGHT, Appellant; MARY McKNIGHT and Others, Trustees and Executors under the Will of JOHN J. McKNIGHT, Deceased, Respondents.

*Revocation of an executor's appointment — his temporary residence in another State does not show that he " has removed " from the State of New York.*

The temporary residence in New Jersey, on account of the ill-health of some of the members of his family, of an executor appointed by a Surrogate's Court of the State of New York, does not establish that such executor "has removed" from the State, within the meaning of section 2687 of the Code of Civil Procedure, making it imperative upon the surrogate to revoke his appointment in such a case.

APPEAL by the petitioner, Frank V. Millard, receiver in supplementary proceedings of Sarah W. Armstrong and William A. McKnight, from an order of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 18th day of January, 1902, denying a motion for the removal of the executors and trustees herein.

*Henry C. Griffin,* for the appellant.

*William H. H. Ely,* for the respondents.

WILLARD BARTLETT, J.:

In this proceeding the appellant sought a revocation of the letters testamentary granted to the respondents as executors under the will of John J. McKnight, upon three grounds: (1) That said executors had wasted the personal estate (Code Civ. Proc. § 2685, subd. 2); (2) that three of the executors were insolvent, and hence that their circumstances did not afford adequate security to the creditors or persons interested for the due administration of the estate (Id. subd. 5); and (3) that the executors had removed from the State, and the case was not one where non-resident executors would be entitled to letters without giving a bond (Id. subd. 6). The surrogate denied the application, and the applicant, who is a receiver in supplementary proceedings of two legatees under the will, has appealed.

We find no difficulty in agreeing with the learned surrogate so far as he holds that the appellant failed to make out any case for revoking the letters so far as the management of the estate or the circumstances of the executors are concerned. Instead of showing a wasteful administration or improvidence, the proof abundantly established that one of the executors, the testator's widow, has expended for the benefit of the estate several thousand dollars of insurance money which did not belong to the testator but was her own property. Instead of being criticised unfavorably for what she has done, she is really entitled to commendation on the part of the legatees under her husband's will.

A serious question, however, is presented by the alleged removal of the executors from the State. If that allegation is established to the surrogate's satisfaction, the Code makes it imperative upon him

to revoke the letters. (Code Civ. Proc. § 2687.) In his opinion he says that the allegation that the executors are non-residents is expressly denied, and adds : " It is claimed that their residence in New Jersey is only temporary and on account of the ill-health of a member of the family."

A reference to the answer which the executors interposed to the petition of the appellant shows that they admit instead of denying the allegation that they are non-residents. In the 5th subdivision of the answer we find the declaration that " it is true that all the executors and trustees reside at Rutherford in the State of New Jersey, but that they never have refused to place themselves within the jurisdiction of this court, and have always expressed a willingness and a desire, in order to avoid the expense of publication, to come to any place within the State of New York for service," which fact is stated to have been well known to the attorney for the petitioner. I quote further from the answer on this subject : " The executors further allege that their residence at Rutherford, New Jersey, is not intended to be permanent. That they are now living there temporarily on account of the health of certain members of the family."

It must be conceded that these averments in the answer certainly do amount to an admission of temporary non-residence on the part of the executors ; so that the case directly calls for a determination as to whether a residence of this character in another State constitutes a removal from New York State within the meaning of the Code, so as to require the surrogate to revoke the letters testamentary. Not without considerable hesitation have I reached the conclusion that it does not. It seems quite clear that a temporary absence from the State on account of ill-health, or on account of business, or for purposes of travel or pleasure, would not necessarily establish the fact that an executor " has removed " from the State, within the intent of the statute. The learned surrogate was evidently satisfied that the sojourn of these executors in New Jersey was nothing more than a departure from the State for the benefit of relatives, not designed to constitute a permanent change of abode, and contemplating a return to New York as soon as the purpose of their absence should be accomplished. In this view I am inclined to think that he was right in refusing to hold that he

was constrained to revoke the letters by the provisions of the Code to which I have referred.

I, therefore, advise an affirmance of the order.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Order of the Surrogate's Court of Westchester county affirmed, with ten dollars costs and disbursements.